CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 0 5 2019

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 5:10-CR-13 |
| | ) | |
| v. | ) | |
| | ) | |
| RYAN D. FERGUSON, | ) | By:  Hon. Michael F. Urbanski |
| Defendant | ) | Chief United States District Judge |

## MEMORANDUM OPINION

Ryan D. Ferguson, represented by counsel, filed a motion to reduce his sentence pursuant to Section 404(b) of the First Step Act of 2018. ECF No. 128. He asks the court to reduce his current sentence of 120 months to time served. The government asserts that Ferguson is eligible for consideration of a reduction in his sentence but that a further reduction of his sentence is not warranted. For the reasons set forth below, the court will **GRANT** Ferguson's request and modify his sentence to time served, to be followed by a 5-year term of supervised release.

## I.

On August 5, 2010, a superseding indictment was filed as to Ferguson, alleging two counts: that beginning on or about January 1, 2010 and continuing to on or about March 1, 2010, he conspired with two other defendants to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and all in violation of 21 U.S.C. § 846 (Count 1), and that on March 1, 2010 he and two other defendants possessed with intent to distribute fifty grams or more of cocaine base, in violation of .21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2 (Count 2). ECF No. 25. On August 30, 2010, the government

filed an information pursuant to 21 U.S.C. § 851, giving notice of its intent to rely upon two

previous drug convictions for purposes of enhancing Ferguson's sentence. ECF No. 52.

On September 30, 2010, Ferguson entered into a written plea agreement where he

agreed to plead guilty to Count 1 of the indictment and the government agreed to dismiss

Count 2 at sentencing. In addition, the government agreed to seek enhancement of his

sentence for only one prior felony drug offense, rather than two. ECF No. 62 at 3.

Pursuant to 21 U.S.C. §§ 846 and 841(b)(1)(A)(2009), Ferguson faced a statutory

sentencing range of 20 years to life. ECF No. 125 at 16. Under the sentencing guidelines, based

on at least 196 but less than 280 grams of cocaine base, his base offense level was 30. He

received a 3-point decrease for acceptance of responsibility for a total offense level of 27. ECF

No. 125. Coupled with a criminal history category of VI, his guideline range was 130 to 162

months. U.S.S.G. Ch. 5, Pt. A.

However, Ferguson was classified as a career offender because he had at least two prior

felony convictions. ECF No. 125 at 6. Because the statutory maximum penalty was life, his

offense level was 37, reduced by 3 points for acceptance of responsibility, for a total offense

level of 34. U.S.S.G. §4B1.1; ECF No. 125 at 6. An offense level of 34 together with a criminal

history category of VI resulted in a guidelines range of 262 to 327 months. U.S.S.G. Ch. 5, Pt.

A; ECF No. 125 at 16.[1] The government filed a motion for substantial assistance asking the

---

[1] Judgment was entered in Ferguson's case after the Fair Sentencing Act took effect. See discussion, infra. However, he committed his offenses prior to enactment of the Fair Sentencing Act. He pleaded guilty pursuant to the plea agreement and was sentenced as if the Fair Sentencing Act were not in effect. Although the law was unclear at the time Ferguson was sentenced, the Supreme Court later held that "Congress intended the Fair Sentencing Act's more lenient policies to apply to those offenders whose crimes preceded August 3, 2010, but who [were] sentenced after that date." Dorsey v. United States, 567 U.S. 2321, 2331

court to depart downward from the otherwise applicable guideline range and mandatory minimum statutory sentence.[2] ECF No. 79.

On January 7, 2011, Ferguson was sentenced to a term of 120 months to be followed by a 5-year term of supervised release. ECF No. 88. He has served approximately 98 months and his projected release date is April 28, 2020. ECF No. 127 at 3.

Ferguson seeks relief under the First Step Act. He argues that he is eligible for relief and that this court has discretion to reduce his sentence to time served. The government agrees that Ferguson is eligible for relief under the First Step Act, but urges the court to exercise its discretion and decline to reduce his sentence.

## II.

At the time Ferguson was sentenced, a violation of § 841(a)(1) carried a mandatory minimum sentence of 10 years and a maximum sentence of life imprisonment if the offense involved more than 50 grams of cocaine base, and a penalty range of 5 to 40 years if the offense involved more than 5 grams of cocaine base. 21 U.S.C. § 841(b)(1)(A) and (B) (2006). In 2010, the Fair Sentencing Act was passed, and Section 2 of the Act reduced penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). Currently, in order to trigger the 10-years-to-life-sentencing range, the offense must involve more than 280 grams of cocaine base, and to trigger

---

(2012).

[2] See 18 U.S.C. § 3553(e) ("Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.")

the 5-to-40-year sentencing range, the offense must involve more than 28 grams of cocaine base.

The First Step Act was passed on December 21, 2018. Section 404 of the act permits a court, upon motion of the defendant or the government, or upon its own motion, to impose a reduced sentence for certain offenses in accordance with the Fair Sentencing Act of 2010, if such a reduction was not previously granted. Offenses qualify for the reduction if they were committed before August 3, 2010 and carry the statutory penalties which were modified by section 2 or 3 of the Fair Sentencing Act of 2010. First Step Act of 2018, Pub. L. No. 115-015, 132 Stat. 015 (2018).

If Ferguson were sentenced after the Fair Sentencing Act, he would be facing a statutory sentence of 5 to 40 years, increased because of the § 851 enhancement to 10-years-to-life, and a 5-year term of supervised release. In other words, he would be facing a 10-year statutory minimum sentence rather than a 20-year statutory minimum sentence, before the reduction for substantial assistance.

Ferguson argues that modification of his sentence is appropriate and consistent with the aims of the Fair Sentencing Act. He urges the court to take into account his personal difficulties as set out in the PSR, including the absence of his father, the fact that his mother was a heroin addict who was "in and out" of his life, that he lived with his grandparents, both of whom died before Ferguson was 23, his long history of drug abuse, his limited ninth-grade education, and his relatively low IQ. ECF No. 125. In addition, Ferguson points out that he had a relatively minor role in the offense and that most of the drug weight attributed to him

was the result of his driving the main defendant to New Jersey on one occasion to buy drugs. ECF No. 125 at 4.

Ferguson also asks the court to consider the fact that prior to incarceration he was described as a good father, that since being incarcerated he has taken a number of educational courses, and that he currently works as a plumber at the prison. He has been the subject of two disciplinary reports since being incarcerated, but no findings were made or sanctions imposed in those cases. ECF Nos. 128 and 128-1.

The government counters that even though Ferguson is eligible for a sentence reduction, his 120-month sentence is appropriate and should not be modified. The government points out that he remains a career offender under the guidelines, with an applicable guidelines range of 262 to 327 months. In addition, Ferguson initially faced a statutory mandatory minimum sentence of life, which was reduced to 20 years when the government dismissed one of the § 851 notices. The 20-year sentence was reduced further to 10 years based on the motion for substantial assistance.

Also, although his prior drug convictions were for very small amounts, his instant offense involved at least 196 grams but not less than 280 grams of cocaine base, indicating that his prior convictions did not deter him from increasing his involvement in the drug trade. Finally, he was convicted of misdemeanor assault and battery of a woman in 2000, felony unlawful wounding of a different woman in 2002, and felony unlawful wounding and two misdemeanor assaults of three people in 2009,[3] all while on state supervision for prior criminal

---

[3] The unlawful wounding convictions stemmed from two bar fights. ECF No. 81 at 7.

conduct and which resulted in multiple revocations and impositions of previously imposed sentences. ECF No. 125.

## III.

The court finds that Ferguson is eligible for a sentence reduction under the First Step Act. The court further finds it has authority under 18 U.S.C. § 3582(c) to modify Ferguson's sentence, taking into account the advisory nature of the guidelines after Booker[4] and the considerations set forth in 18 U.S.C. § 3553(a).

Ferguson has served approximately 98 months. Had he been sentenced under the Fair Sentencing Act, his statutory mandatory minimum sentence would have been 10 years and his guidelines range would have been 262 to 327 months. Because the underlying facts of his offense would have been the same, including the assistance he provided to the government, ECF No. 116 at 22-24, it is presumed that he would have been entitled to a downward departure.

The court has reviewed Ferguson's PSR, the addendum to the PSR, and the arguments of the parties and finds that under the current Sentencing Guidelines and the 18 U.S.C. § 3553 factors, a modification of his sentence is warranted. Ferguson has served 98 months on a conviction where if he were sentenced today, he would have a statutory mandatory minimum sentence of 120 months, a guideline sentencing range of 262 to 327 months, and would have been entitled to a below-guidelines departure because he offered substantial assistance to the

---

[4] See United States v. Booker, 543 U.S. 220 (2005) (holding that in order to avoid a constitutional violation, the Sentencing Guidelines are advisory and not mandatory).

government. The court finds that a sentence of time served is sufficient, but not greater than necessary, and accounts for the sentencing factors the court must consider pursuant to 18 U.S.C. § 3553(a), specifically deterrence, protection of the public, and respect for the law. Accordingly, the court **GRANTS** Ferguson's motion under the First Step Act, ECF No. 128, and reduces his sentence to time served, to be followed by a 5-year term of supervised release.

An appropriate Order and amended judgment will be entered. The order will be stayed for up to 10 days to give the Bureau of Prisons an opportunity to process Ferguson's release.

Entered: 08-05-2019

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge

7